UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MCKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY, INC., | CASE NO. 1:19-cv-00859-AWI-EPG |
|---|---|
| Plaintiff, | ORDER DISMISSING CASE PURSUANT TO RULE 41(a)(2) |
| v. | (Doc. No. 14) |
| JULIANNE WILLIAMS, | |
| Defendant. | |

Plaintiff McKesson Medical-Surgical Minnesota Supply, Inc. ("Plaintiff") filed this lawsuit against Defendant Julianne Williams ("Defendant") on June 20, 2019, alleging that Defendant breached a guaranty agreement. On January 9, 2020, Plaintiff filed a motion to dismiss this lawsuit pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. See Doc. No. 14. Plaintiff's motion is now before the Court.

Rule 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be effected through Rule 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999); Mayes v. Fujimoto, 181 F.R.D. 453, 455 (D. Haw. 1998). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, both Plaintiff and Defendant have consented to the dismissal of Plaintiff's claims in this lawsuit without prejudice, with each party to bear their own attorney's fees and costs. Because neither party contends that such a dismissal will cause prejudice to Defendant, the Court finds that a hearing on Plaintiff's motion is unnecessary and that Plaintiff's motion should be granted. See Fed. R. Civ. P. 41(a)(2); Smith, 263 F.3d at 975; Local Rule 270.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing scheduled for February 10, 2020, on Plaintiff's motion is VACATED;
2. Plaintiff's motion to dismiss without prejudice, with each party bearing their own attorney's fees and costs, (Doc. No. 14), is GRANTED;
3. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   February 6, 2020

_____
SENIOR DISTRICT JUDGE

2